IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFERY HENDRICKS, AS REPRESENTATIVE OF THE ESTATE OF DIANE HENDRICKS, DECEASED, JEFFERY HENDRICKS AND ANGELA HENDRICKS, BOTH INDIVIDUALLY AND AS NEXT FRIENDS OF B.H. AND T.H., MINORS, <br><br>*Plaintiffs,* <br><br>vs. <br><br>SANDALS RESORTS INTERNATIONAL AND UNIQUE VACATIONS, INC. <br><br>*Defendants*. | § § § § § § § § § § § § § § § § § § | <br><br><br><br><br><br><br><br><br><br>CIVIL ACTION NO. 1:20-CV-165 <br><br><br><br><br><br>JURY REQUESTED |

**COMPLAINT AND JURY DEMAND**

Jeffery Hendricks, as Representative of the Estate of Diane Hendricks, Deceased, Jeffery Hendricks and Angela Hendricks, Both Individually and as Next Friends of B.H. and T.H., Minors, ("Plaintiffs"), file this, their Original Complaint, complaining of Defendants Sandals Resorts International ("Sandals") and Unique Vacations, Inc. ("Unique Vacations") and in support thereof would respectfully show the Court the following:

**I.
PARTIES**

1. Plaintiffs, Jeffrey Hendricks, as Representative of the Estate of Diane Hendricks, Deceased, and Jeffrey Hendricks and Angela Hendricks, Both Individually and as Next Friends of B.H. and T.H., Minors, are individuals residing in the State of Texas.

2. Defendant, Sandals Resorts International, is a foreign for-profit corporation doing business in Texas, with its principal office located in Jamaica. Defendant may be served through its registered agent: Brian Mair, 4950 SW 72nd Avenue, 2nd Floor, Miami, Florida 33155.

3.  Defendant, Unique Vacations, Inc., is a foreign for-profit corporation doing business in Texas, with its principal office located in Miami, Florida. Defendant may be served through its registered agent: Brian Mair, 4950 SW 72nd Avenue, 2nd Floor, Miami, Florida 33155.

## II.
### SUBJECT MATTER JURISDICTION

4.  Plaintiffs are and were residents of the State of Texas at all times relevant to this case.

5.  Defendant Sandals is a Jamaican company and has its principal place of business in Jamaica.

6.  Defendant Unique Vacations is incorporated under the laws of Florida and has its principal place of business in Florida.

7.  This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy is greater than $75,000.

## III.
### PERSONAL JURISDICTION

8.  At all times relevant to this action, Defendants purposefully availed themselves to business dealings in the State of Texas and could reasonably expect to respond to complaints therein. Defendants' purposeful availment of the benefit and protection of the laws of Texas is sufficient to support proper exercise of personal jurisdiction over Defendants.

## IV.
### VENUE

9.  A civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located. 28 U.S.C. § 1391(b)(1). For venue purposes, an entity shall be deemed to reside in any judicial district in which such defendant is subject to the Court's personal jurisdiction with respect to the civil action in

question. 28 U.S.C. § 1391(c)(2). Because both Defendants are subject to personal jurisdiction in the Western District of Texas and therefore both reside in Texas for venue purposes, venue is proper in the Western District of Texas as to both Defendants Sandals and Unique Vacations.

## V.
### FACTUAL BACKGROUND

10. Upon information and belief, Defendant Sandals owns and operates the Beaches Resort and Spa in the Turks and Caicos Islands ("Beaches Resort").

11. Plaintiffs were staying at Beaches Resort and Spa in the Turks and Caicos Islands. Defendant Unique Vacation sold and/or marketed accommodations at Beaches Resort to Plaintiffs from July 18, 2019 to July 23, 2019. Plaintiffs reserved and purchased their accommodations while they were in Texas. On or about July 19, 2019, Plaintiff Jeffery Hendricks reserved a snorkeling tour through Beaches Resort for his family, including Dianne Hendricks ("Decedent"). On or about July 20, 2019, Plaintiffs went on the tour. The tour operators drove Plaintiffs, Decedent, and other guests via boat to a snorkeling location in the Atlantic Ocean.

12. When they reached the snorkeling location, Plaintiffs and Decedent entered the water and began snorkeling, wearing gear provided by the tour operators. Shortly thereafter, Plaintiff Angela Hendricks could see that Decedent appeared to be struggling in the water. Plaintiff Angela Hendricks then helped Decedent get back on the boat. Plaintiff Jeffery Hendricks, who also saw his mother struggling in the water, came to assist Plaintiff Angela Hendricks.

13. Plaintiff Angela Hendricks began to yell for help while trying to assist Decedent, who was unresponsive and making groaning sounds. Plaintiffs Angela Hendricks and Jeffrey Hendricks, along with other guests on the tour, tried to revive Decedent. The tour operators,

however, did not help Decedent, despite Plaintiffs' pleas. Further, there was no life-saving equipment on the tour boat. As a result, Decedent died from her injuries.

## VI.
### CAUSES OF ACTION AGAINST DEFENDANT SANDALS

**A. NEGLIGENCE**

14. At the time and on the occasion in question, Defendant Sandals committed acts and omissions, which collectively and separately constitute negligence. Defendant Sandals had a duty to exercise ordinary care, meaning the degree of care that would be used by any entity of ordinary prudence under the same or similar circumstances. Defendant Sandals breached that duty by:

    a. Failing to exercise safety precautions to prevent individuals from drowning;

    b. Failing to act when Decedent was drowning;

    c. Failing to properly supervise tour operators;

    d. Failing to properly train tour operators;

    e. Failing to have lifesaving equipment on the tour boat;

    f. Recklessly disregarding the safety of Decedent; and

    g. Any other acts so deemed negligent.

15. Such negligence, either singularly or in combination, proximately caused the death of Decedent and the injuries and damages sustained by Plaintiffs.

**B. GROSS NEGLIGENCE**

16. Plaintiffs allege that all acts, conduct, and omissions on the part of Defendant Sandals, taken singularly or in combination, constitute gross negligence and were the proximate cause of Decedent's death and Plaintiffs' injuries and damages. When objectively from Defendant Sandals' standpoint at the time in question, its actions involved an extreme degree of risk

considering the probability and magnitude of the potential harm to others. Defendant Sandals had actual, subjective awareness of the risk involved, but proceeded with conscious indifference to the rights, safety, and welfare of Decedent.

## C. NEGLIGENT HIRING

17.     Plaintiffs plead that Defendant Sandals owed Decedent a legal duty to employ competent tour operators. Plaintiffs sustained damages proximately caused by Defendant Sandals' breach of said duty. In particular, Defendant Sandals was negligent in hiring incompetent, unfit, or reckless employees who Defendant knew, or by the exercise of reasonable care should have known, to be incompetent, unfit or reckless, thereby creating an unreasonable risk of harm to Decedent, and others.

## D.  NEGLIGENT RETENTION

18.     Plaintiffs further plead that Defendant Sandals negligently retained the tour operators who failed to act when Decedent was drowning. Defendant Sandals owed Decedent a legal duty to protect her from its employee's negligence. Plaintiffs sustained damages proximately caused by Defendant's breach of said duty. In particular, Defendant Sandals was negligent in retaining incompetent, unfit or reckless employees, who it knew, or by the exercise of reasonable care should have known, to be incompetent, unfit or reckless, thereby creating an unreasonable risk of harm to Decedent, and others.

## E.  NEGLIGENT SUPERVISION & MONITORING

19.     Plaintiffs further plead that Defendant Sandals negligently supervised and monitored its tour operators. Defendant Sandals was negligent in supervising its tour operators, these tour operators should have been monitoring the guests of the snorkeling tour to identify and rescue any individual who was in danger of drowning. Defendant Sandals owed Decedent a legal duty

to protect her from its employees' negligence. Plaintiffs sustained damages proximately caused by Defendant's breach of said duty. In particular, Defendant Sandals was negligent in supervising and monitoring its employees, thereby creating an unreasonable risk of harm to Decedent, and others.

### F. RESPONDEAT SUPERIOR

20.     Plaintiffs affirmatively plead that any alleged acts or negligence of Defendant Sandals' employees were committed while they were acting in the course and scope of their employment with Defendant and are thus imputed to Defendant Sandals under a legal theory of *respondeat superior*.

## VII.
### CAUSE OF ACTION AGAINST DEFENDANT UNIQUE VACATIONS

### A. NEGLIGENCE

21.     At the time and on the occasion in question, Defendant Unique Vacations committed acts and omissions, which collectively and separately constitute negligence. Defendant had a duty to exercise ordinary care, meaning the degree of care that would be used by any entity of ordinary prudence under the same or similar circumstances. Defendant Unique Vacations breached that duty by:

    a. Negligently promoting and/or marketing Defendant Sandals' hotel;

    b. Failing to ensure Defendant Sandals provided safe tours for its guests;

    c. Failing to ensure Defendant Sandals' employees had proper safety training;

    d. Failing to ensure Defendant Sandals' had the proper safety equipment on board its tour boats;

    e. Recklessly disregarding the safety of Decedent; and

    f. Any other acts so deemed negligent.

22. Such negligence, either singularly or in combination, proximately caused the death of Decedent and the injuries and damages sustained by Plaintiffs.

**B. GROSS NEGLIGENCE**

23. Plaintiffs allege that all acts, conduct, and omissions on the part of Defendant Unique Vacations singularly or in combination, constitute gross negligence and were the proximate cause of Decedent's death and Plaintiffs' injuries and damages. When objectively from Defendants Unique Vacations' standpoint at the time in question, its actions involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of the risk involved, but proceeded with conscious indifference to the rights, safety, and welfare of Decedent.

## VIII.
### CAUSE OF ACTION AGAINST DEFENDANTS

**A. BYSTANDER LIABILITY**

24. Plaintiffs bring claims against Defendants for bystander liability as permitted by Texas law. Plaintiff Jeffery Hendricks was the son of Decedent. Plaintiff Angela Hendricks was the daughter-in-law of Decedent. Minor Plaintiffs B.H. and T.H. were the grandsons of Decedent. Plaintiffs were near Decedent at the time of her drowning. Plaintiffs witnessed Decedent's drowning by sensory and contemporaneous observation. As a direct and proximate result of witnessing the injuries to Decedent, caused by the negligence and careless conduct of Defendants, Plaintiffs suffered severe mental and emotional anguish, including mental and emotional pain, torment, suffering, and despair.

## IX.
### SURVIVAL ACTION

25. As a result of the wrongful conduct of Defendants as described above, Decedent suffered physical pain and suffering and mental anguish prior to her death. Additionally, her Estate

incurred medical and funeral expenses, for which Defendants are liable. As representative of Decedent's estate, Plaintiff Jeffery Hendricks asserts the above-pled causes of action against Defendants on behalf of Decedent's estate pursuant to TEX. CIV. PRAC. & REM. CODE § 71.021.

26.  As a result of the wrongful conduct of Defendants, Plaintiff Jeffery Hendricks, as Representative of the Estate of Diane Hendricks, Deceased, brings this survival action for the following damages she sustained, which survive Decedent's untimely death:

    a.  Past physical pain and mental anguish;

    b.  Funeral expenses; and

    c.  Medical expenses.

## X.
## WRONGFUL DEATH

27.  Because the wrongful conduct of Defendants, and their agents and employees described above, caused the death of Decedent, and because Decedent would have a cause of action against Defendants for her injuries had she lived, Plaintiffs have a cause of action against Defendants to recover damages for the wrongful death of Diane Hendricks pursuant to TEX. CIV. PRAC. & REM. CODE §§ 71.002 and 71.003.

28.  As the son, daughter-in-law, and grandsons of Decedent, Plaintiffs are the proper beneficiaries of this action pursuant to TEX. CIV. PRAC. & REM. CODE § 71.004(a).

29.  Due to the wrongful death of their mother and grandmother, Plaintiffs, individually, seek to recover damages for:

    a.  Past and future pecuniary losses;

    b.  Past and future loss of companionship and society;

    c.  Past and future mental anguish; and

    d.  Loss of inheritance.

## XI.
## DAMAGES

30. As a result of this incident, Plaintiffs seek compensation for the following damages:

   a. Past physical pain and suffering of Decedent;

   b. Past mental anguish of Decedent;

   c. Decedent's medical and funeral expenses;

   d. Past and future pecuniary and nonpecuniary wrongful death damages including the loss of companionship and society, mental anguish, and loss of inheritance;

   e. Prejudgment and post-judgment interest;

   f. Court costs;

   g. Exemplary damages; and

   h. Any and all other damages in which Plaintiffs may be justly entitled.

## XII.
## PRAYER

31. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Plaintiffs recover damages from Defendants in accordance with the evidence; that Plaintiffs recover costs of the court herein expended; that Plaintiffs recover interest to which Plaintiffs are justly entitled under the law, both prejudgment and post-judgment; that Plaintiffs recover actual damages; that Plaintiffs are entitled to recover compensatory damages; that Plaintiffs recover punitive damages; and for such other further relief, both general and specific, both in law and in equity to which Plaintiffs may be justly entitled.

[*Signatures on following page*]

Dated: February 13, 2020				Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS,**
**SORRELS, AGOSTO, AZIZ & STOGNER**

*/s/ Muhammad S. Aziz*
Muhammad S. Aziz
Federal ID No. 868540
State Bar No. 24043538
800 Commerce Street
Houston, Texas 77002
(713) 222-7211 – Telephone
(713) 225-0827 – Facsimile
maziz@awtxlaw.com

-AND-

**VINAS & GRAHAM, PLLC**

*/s/ Spence D. Graham*
Spence D. Graham
State Bar No. 24036665
Joe Vinas
State Bar No. 24037649
1210 W. Clay Street, Suite 12
Houston, Texas 77019
(713) 229-9992 – Telephone
(713) 229-9993 – Facsimile
graham_spence@sbcglobal.net

**ATTORNEYS FOR PLAINTIFFS**